**Abatement Order filed December 5, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00568-CV

_____

**LIZZIE J. LOVALL, INDIVIDUALLY; KEITH L. SHAW; INDIVIDUALLY: KENNETH L. YOUNG; INDIVIDUALLY; KIM L. SHAW, INDIVIDUALLY, Appellants**

**V.**

**HARRIS COUNTY, TEXAS, INDIVIDUALLY, OFFICIALLY AND VICARIOUSLY; MAY WALKER, CONSTABLE, PRECINCT 7, INDIVIDUALLY; RUTH MCDUGLE, INDIVIDUALLY; DARLA TURNER, INDIVIDUALLY; JOHN K. GEORGE, OFFICIALLY, INDIVIDUALLY; GOW-MING CHAO, INDIVIDUALLY; ET AL, Appellees**

---

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2011-23410**

---

## ABATEMENT ORDER

According to information provided to this court, this appeal is from a judgment signed May 22, 2013. Appellants filed a notice of appeal on June 20,

2013. Appellants filed a document on October 7, 2013 that this court is liberally construing as an affidavit of indigence filed in this court. See Tex. R. App. P. 20.1(d)(2). On December 3, 2013, the district clerk filed a contest to appellant's affidavit of indigence.

The Rules of Appellate Procedure permit appellant to file an affidavit of indigence in the appellate court. If the affidavit is filed in an appellate court, and a contest is filed, the court may refer the matter to the trial court with instructions to hear evidence and grant the appropriate relief. Tex. R. App. P. 20.1(h)(4).

Accordingly, we refer the matter to the trial court and direct the trial court to hold a hearing and make written findings as to whether appellant is entitled to proceed without advanced payment of costs.

The court reporter shall file a reporter's record from the hearing and any exhibits admitted at the hearing on the contest to appellant's claim of indigence. The record of the hearing and the trial court's written findings shall be filed with the clerk of this court on or before **30 days from the date of this order.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's ruling on indigence has been completed. The court will also consider an appropriate motion to reinstate the appeal filed by any party. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM